MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2017 ME 81
Docket:        Sag-16-463
Submitted
  On Briefs:   April 27, 2017
Decided:       May 4, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


IN RE ISABELLE W.


HUMPHREY, J.

[¶1] The father of Isabelle W. appeals from a judgment of the District Court (West Bath, *Dobson, J.*) terminating his parental rights to the child pursuant to 22 M.R.S. § 4055(1)(A), (B)(2) (2016).[1] We affirm the judgment because the record contains sufficient evidence to support the court's findings, by clear and convincing evidence, of at least one ground of parental unfitness and that termination is in the child's best interest.[2] *See, e.g.*, *In re M.S.*, 2014 ME 54, ¶¶ 14-15, 90 A.3d 443.

[¶2] The child was placed in the custody of the Department of Health and Human Services in June 2014, when she was ten days old, upon reports that the mother was abusing heroin and nonprescribed medication and had a

---

[1] The court also terminated the mother's parental rights to the child. The mother has not appealed from the judgment.

[2] In addition to challenging the sufficiency of the evidence supporting the judgment, the father argues that the Department's actions exhibited gender bias. The record contains no support for this accusation.

history of domestic violence toward the father, and that the father was unable or unwilling to protect himself or the child from the risk of harm posed by the mother. The child has been in Department custody for her entire life since then, except for an unsuccessful trial placement with the mother in September and October 2015 that lasted seven weeks.

[¶3] In September 2014, the father agreed to the entry of a jeopardy order in which the court ordered him to participate in "services and treatment as recommended by the Department, including completing a substance abuse evaluation, parenting education, domestic violence treatment, and individual therapy." In March 2015, he signed a rehabilitation and reunification plan, *see* 22 M.R.S. § 4041(1-A)(A)(1) (2016), providing that for the child to be returned to his care, he would have to engage in mental health treatment and "[d]emonstrate an understanding of domestic violence" issues and their effects on children.

[¶4] The Department filed a petition seeking termination of the father's parental rights on April 21, 2016, more than twenty-two months after the child entered Department custody.

[¶5] After a two-day hearing on the Department's petition, the court found the following facts, which are supported by competent evidence in the

record.  *See In re M.S.*, 2014 ME 54, ¶ 13, 90 A.3d 443.  The father has failed to participate consistently in mental health treatment and he has been minimally engaged with the other services outlined in the rehabilitation and reunification plan.  In May 2016, for example, the father had not communicated with the Department in months.  His visits with the child have been sporadic and inconsistent throughout the proceedings.  The court specifically found that the father—and not the foster parent, as the father suggested—was responsible for his missed visits.  The father has also failed to demonstrate that he recognizes the risk posed by the mother's ongoing substance abuse problems.  At the time of the termination hearing, the mother was pregnant, and both the mother and the father acknowledged that the father might also be the father of this new child.

[¶6]  Since entering Department custody, the child has resided with her maternal grandmother.  She is in a safe, nurturing home where her needs can be met, and she is happy and healthy.  The grandmother wishes to adopt the child.

[¶7]  Based on these facts, the court found, by clear and convincing evidence, that the father is unfit to parent the child on three grounds: (1) he is unwilling or unable to protect the child from jeopardy and these

circumstances are unlikely to change within a time reasonably calculated to meet the child's needs, (2) he is unable or unwilling to take responsibility for the child within a time reasonably calculated to meet the child's needs, and (3) he has failed to make a good faith effort to rehabilitate and reunify with the child. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii), (iv). The court also found, by clear and convincing evidence, that termination of the father's parental rights is in the child's best interest. *See* 22 M.R.S. § 4055(1)(B)(2)(a).

[¶8] Given the factual findings described above, the court's unfitness and best interest determinations constitute neither clear error nor an abuse of discretion. *See In re R.M.*, 2015 ME 38, ¶ 7, 114 A.3d 212 ("We review the court's factual findings for clear error and its ultimate conclusion regarding the best interest of the child for an abuse of discretion, viewing the facts, and the weight to be given them, through the trial court's lens."); *see also* 22 M.R.S. § 4050(3) (2016) (providing that one of the purposes of the statutes governing termination of parental rights is to "[p]romote the adoption of children into stable families rather than allowing children to remain in the impermanency of foster care"); *In re B.P.*, 2015 ME 139, ¶ 19, 126 A.3d 713.[3]

---

[3] We are not persuaded by the father's argument that the court committed clear error when it found that "the Department has made reasonable efforts to rehabilitate and reunify the family" in accordance with 22 M.R.S. § 4041 (2016). First, the finding is well-supported by the record; and second, as we have explained, "[t]he Department's compliance with its rehabilitation and

The entry is:

Judgment affirmed.

---

Nathaniel Seth Levy, Esq., Brunswick, for appellant Father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee State of Maine

West Bath District Court docket number PC-2014-15
FOR CLERK REFERENCE ONLY

---

reunification duties as outlined in section 4041 does not constitute a discrete element requiring proof in termination proceedings, nor does the failure of the Department to comply with section 4041 preclude findings of parental unfitness." *In re Doris G.*, 2006 ME 142, ¶ 17, 912 A.2d 572.