MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:      2017 ME 129
Docket:        Han-17-10
Submitted
  On Briefs:  June 14, 2017
Decided:      June 22, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and HUMPHREY, JJ.


IN RE LACIE G. et al.


PER CURIAM

[¶1]  The mother of Lacie G. and Tyler S. appeals from judgments[1] of the District Court (Ellsworth, *Roberts, J.*) terminating her parental rights to Lacie and Tyler pursuant to 22 M.R.S. § 4055(1)(A)(1)(a), (B)(2) (2016).[2]  She challenges the sufficiency of the evidence to support the judgments and the court's discretionary determinations of Lacie's and Tyler's best interests. Because the evidence supports the court's findings and discretionary determinations, we affirm the judgments.

[¶2]  Based on competent evidence in the record, the court found, by clear and convincing evidence, that the mother is unable to protect Lacie and Tyler

---

[1]  The court issued two separate judgments concerning the mother's parental rights: one terminated the rights of the mother and Tyler's father to Tyler, and the other terminated the rights of the mother to Lacie.  For purposes of this opinion, we do not distinguish between the two judgments.

[2]  Tyler's father's appeal was untimely and thus dismissed.  Lacie's father, whose rights were terminated by a separate judgment, did not appeal.

2

from jeopardy within a time reasonably calculated to meet their needs and is unable to take responsibility for them within a time reasonably calculated to meet their needs. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii). The court also found that the State had met its burden of proof with respect to section 4055(1)(B)(2)(b)(iv) by establishing the mother's failure to make a good faith effort to rehabilitate and reunify with the children. Finally, the court found that termination of the mother's parental rights is in the children's best interests. *See* 22 M.R.S. § 4055(1)(B)(2)(a); *In re Robert S.*, 2009 ME 18, ¶ 15, 966 A.2d 894. The court based its determinations on the following supported factual findings.

[¶3] The mother currently has a substance abuse problem. She "made positive strides in her reunification efforts at points in th[e] process," including when she engaged in counseling between July 2014 and October 2015 and separated from Tyler's father. Unfortunately, "she became discouraged by the demands of the reunification process and began using drugs." The mother "acknowledges that she is an untreated drug addict" and described herself at the hearing "as a complete waste." She is currently incarcerated and is "facing substantial criminal charges."

[¶4]  The Department offered the mother "appropriate services" and referred her to providers; however, she was "simply unwilling or unable to engage in all the services required."  The mother indicates that she loves and wants to provide a home for both children, but she has yet to begin to address her substance abuse issues.

[¶5]  Both Lacie and Tyler have been exposed to the substance abuse of the mother and Tyler's father for many years, and Lacie testified that she would not feel safe in a placement with the mother.  Tyler was exposed to domestic violence from an early age and is "a developmental trauma survivor."  The mother has a "limited understanding" of his needs.  Tyler is in need of "consistency, stability and someone to care for him while letting him be a kid."  The court recognized that "Tyler will be a difficult child to place for adoption," but found that both children's interests are best served by terminating the mother's parental rights and allowing the Department the opportunity to place them in an appropriate adoptive home.

[¶6]  Given these findings, which are supported by competent evidence in the record, the court did not err in finding, by clear and convincing evidence, at least one ground of parental unfitness.  *See* 22 M.R.S. § 4055(1)(B)(2)(b); *In re M.S.*, 2014 ME 54, ¶ 13, 90 A.3d 443; *see also In re Jazmine L.*, 2004 ME 125,

¶ 16, 861 A.2d 1277. The court also did not err or abuse its discretion in determining that termination of the mother's parental rights is in the children's best interests. *See* 22 M.R.S. § 4055(1)(B)(2)(a); *In re Thomas H.*, 2005 ME 123, ¶¶ 16-17, 30, 889 A.2d 297. Accordingly, we affirm the judgments.[3]

The entry is:

Judgments affirmed.

---

Dawn M. Corbett, Esq., Law Office of Dawn M. Corbett, P.A., Ellsworth, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Ellsworth District Court docket numbers PC-2014-19, 20
FOR CLERK REFERENCE ONLY

---

[3] The mother also argues that the Department failed to meet its rehabilitation and reunification obligations pursuant to 22 M.R.S. § 4041 (2016). We decline to disturb the court's judgment on that basis. The court's findings that the Department offered the mother "appropriate services" but that she was "simply unwilling or unable to engage in all the services required" are well supported by the record. Moreover, as we have stated, "[t]he Department's compliance with its rehabilitation and reunification duties as outlined in section 4041 does not constitute a discrete element requiring proof in termination proceedings, nor does the failure of the Department to comply with section 4041 preclude findings of parental unfitness." *In re Doris G.*, 2006 ME 142, ¶ 17, 912 A.2d 572; *see In re Isabelle W.*, 2017 ME 81, ¶ 8 n.3, --- A.3d ---.