MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2017 ME 199
Docket:       Kno-17-176
Submitted
 On Briefs:   September 27, 2017
Decided:      October 5, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

IN RE LANDON S.

PER CURIAM

[¶1]  The mother of Landon S. appeals from a judgment of the District Court (Rockland, *Sparaco, J.*) terminating her parental rights to Landon pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i)-(ii), (iv) (2016).[1]  She challenges the sufficiency of the evidence to support the judgment and the court's discretionary determination of the child's best interest.  Specifically, the mother argues that the Department of Health and Human Services did not comply with 22 M.R.S. § 4041 (2016) and that the court did not "consider any positive aspects of the [m]other's efforts to reunify."  We affirm the judgment.

[¶2]  Based on competent evidence in the record, the court found, by clear and convincing evidence, that the mother is unwilling or unable to

---

[1]  The child's father consented to the termination of his parental rights on February 14, 2017, and is not a party to this appeal.

protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet his needs; she is unwilling or unable to take responsibility for the child within a time reasonably calculated to meet his needs; and she has failed to make a good faith effort to rehabilitate and reunify with the child. *See* 22 M.R.S. § 4055 (1)(B)(2)(b)(i)-(ii), (iv); *In re Robert S.*, 2009 ME 18, ¶ 15, 966 A.2d 894. It also found that termination of the mother's parental rights is in the child's best interest. *See* 22 M.R.S. § 4055 (1)(B)(2)(a); *In re Robert S.*, 2009 ME 18, ¶ 15, 966 A.2d 894. The court based this determination on the following findings of fact:

> [The Department] became involved with [the mother] on February 20, 2016[,] after it was notified by staff at Pen Bay Hospital that [the child was] born with marijuana in his system, and that [the mother] had told staff that she had been using Vicodin and alcohol during her pregnancy.
>
> . . . .
>
> . . . [The child] has been in [Department] custody for over one year. Throughout this case, he has lived with resource parents . . . with whom he has bonded. . . . [The child's] placement . . . is safe and appropriate.
>
> . . . [The child] was born with a nasal condition that affects his breathing. He has had one surgery and likely will have to have more surgeries. [His resource parents] have ensured that [his] medical needs are being met and have provided him with excellent care. [The child] needs permanency now and [his

resource parents] are prepared to provide . . . such permanency through adoption.

[¶3] The court further found that the mother, in violation of the reunification plan, "has failed to maintain meaningful contact with [the child]," has participated in the child's medical care in a "minimal" way, "still does not have stable or safe housing," has lost access to the transportation services provided to her by the Department due to her "no shows," "has not followed through with substance abuse and mental health counseling," and "continues to struggle with substance abuse."[2] The court also found that the mother's testimony regarding her participation in Alcoholics Anonymous was not credible.

[¶4] Given these findings and the court's other specific findings of fact, all of which are supported by competent evidence in the record, the court did not err in its unfitness determination nor did it err or abuse its discretion in determining that termination of the mother's parental rights, with a permanency plan of adoption, is in the child's best interest. *See In re Thomas H.*, 2005 ME 123, ¶¶ 16-17, 889 A.2d 297.

---

[2] During the pendency of this child protective case, the mother was admitted to the emergency room for alcohol poisoning, consumed alcohol only a few weeks before the termination hearing, and tested positive for marijuana, even though the reunification plan clearly stated that she must "remain sober from drugs and alcohol."

4

[¶5]   The mother contends that the court's findings are nevertheless unsupported by the record because the Department failed to provide her with "all of the services it was required to provide," which, she claims, would have enabled her to "continue[] on a positive path to alleviate jeopardy."   To the contrary, the record shows that the Department developed a reunification plan that clearly outlined the safety goals and services the mother needed to engage in, offered the mother ample reunification services,[3] and made a good faith effort to cooperate with and seek the participation of the mother throughout these proceedings.   *See* 22 M.R.S. § 4041.   Despite the Department's reunification efforts and the aid of a case manager from a community organization, the mother was still unsuccessful in reunifying with the child.  *See supra* ¶¶ 2-3.[4]

The entry is:

Judgment affirmed.

---

[3]  These services included, among others, transportation services, mental health and substance abuse counseling, supervised visitation with the child, family team meetings, and the aid of a permanency social worker.

[4]  The remainder of the mother's arguments concern the weight and credibility assigned to the evidence, which fall squarely within the court's province as the trier of fact.  *See In re I.S.*, 2015 ME 100, ¶ 11, 121 A.3d 105.  We find these arguments unpersuasive and do not address them further.

Vanessa A. Bartlett, Esq., Law Offices of Vanessa A. Bartlett, Portland, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Rockland District Court docket number PC-2016-03
FOR CLERK REFERENCE ONLY