MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2018 ME 131
Docket:        Pen-18-128
Submitted
  On Briefs:   September 26, 2018
Decided:       October 4, 2018

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.


IN RE CHILD OF HEATH D.


PER CURIAM

[¶1]  Heath D. and Francine E. appeal from a judgment of the District Court (Bangor, *Jordan, J.*) terminating their parental rights pursuant to 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii), (iv) (2017).  The mother and father both argue that there is insufficient evidence in the record to support the findings of parental unfitness.  The father additionally argues that the Department of Health and Human Services failed to satisfy its responsibilities in making reasonable rehabilitation and reunification efforts.  We affirm the judgment.

[¶2]  The Department filed a child protection petition in June 2016, two weeks after the child was born.  *See* 22 M.R.S. § 4032 (2017).  The petition alleged neglect and threat of neglect by the mother due to substance abuse and exposure to unsafe persons, including the father.  The petition also alleged neglect or the threat of neglect by the father as a result of untreated mental

health issues and substance abuse. A week later, the court (*Lucy, J.*) granted a preliminary protection order after the maternal grandmother overdosed in the mother's home with the child present and the mother failed to prevent contact between the father and the child. *See* 22 M.R.S. § 4034 (2017).

[¶3] In October 2016, the court (*Jordan, J.*) entered a jeopardy order by agreement. *See* 22 M.R.S. § 4035 (2017). The court found jeopardy as to the mother because of

> (1) Neglect and threat of neglect due to failure to protect from unsafe people (2) inadequately addressed mental health issues and (3) history of substance abuse.

Jeopardy was found as to the father because of "past and present substance abuse and untreated mental health issues, to wit anxiety."

[¶4] Included in the jeopardy order were detailed requirements for both parents' reunification with the child. Both parents were to participate in random, observed drug screens; use only prescribed medications; allow announced and unannounced visits by the Department and the guardian ad litem; maintain monthly contact with the Department; participate and engage in substance abuse and mental health counseling; and avoid contact with unsafe individuals. Both parents also agreed to participate in supervised visits with the child for as long as it remained in the child's best interest. The

father additionally agreed to participate in a level-of-care assessment by a substance abuse counseling agency and to participate in an informational session at the Family Treatment Drug Court.

[¶5] The Department petitioned for termination of both parents' parental rights in July 2017. After a three-day hearing on the petition, the court found, by clear and convincing evidence, that both parents are unwilling or unable to protect the child from jeopardy and that these circumstances are unlikely to change within a time reasonably calculated to meet the child's needs; the parents are unwilling or unable to take responsibility for the child and that these circumstances are unlikely to change within a time reasonably calculated to meet the child's needs; and the parents failed to make a good faith effort to rehabilitate and reunify with the child. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii), (iv); *In re Thomas D.*, 2004 ME 104, ¶ 21, 854 A.2d 195. The court based this determination on the following findings of fact:

> The difficult aspect of this case is that the parents have done some positive work. Additionally, the Court finds that it is quite clear that they love their child. The Court also finds that it is quite clear that for the timeframe of an hour and a half to two hours they are able to function appropriately with the child. However, the parents' inconsistency with services and visits call into question their ability to parent on a daily basis.
>
> The random drug tests were the primary method that could help the parents prove that they were ready to reunify with their

child. They actively avoided those random drug tests. They avoided those tests even after they knew that a termination of parental rights petition had been filed and pretried on August 18, 2017. The parents, therefore, had five months of living under the threat of termination of their parental rights. Knowing that the Department was pushing for successful random drug tests as an indicator of their having made enough progress to have their child returned to them, they still avoided demonstrating their willingness to take the steps necessary to show that jeopardy was alleviated.

In addition to their evasion of random screening and [Suboxone] strip counts, their failure to maintain reliable contact with the Department, the father's recent possession of numerous syringes, the mother's possession of a syringe in January 2017, and their joint deception regarding their continuing relationship all lead the Court to conclude that jeopardy has not been alleviated. The father has no stable housing, and it looks as if the mother may lose her housing as a result of her pending eviction. The Court concludes that it cannot responsibly place this child with either parent.

The case started June 23, 2016. As of the date of the termination hearing, the case had been in the Court for nineteen months. The child has been in the State's custody for a little over eighteen months. The Court concludes that it would take many more months to reach permanency, even if the parents unexpectedly cooperate fully. The child does not have the time to wait in limbo for the uncertain outcome of the parents' efforts. The child deserves permanency sooner than they can provide.

. . . .

. . . Finally, the Court finds it in the child's best interests to be free[d] for adoption into a stable and loving home. [The child] has lived in his current home since May of 2017. The Guardian Ad Litem makes clear that [the child] identifies those people as his parents and their daughter as his family.

[¶6] Based on these findings of fact, all of which are supported by competent evidence in the record, the court did not err in its unfitness determination. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii), (iv); *In re A.M.*, 2012 ME 118, ¶ 29, 55 A.3d 463. Nor did the court err or abuse its discretion by determining that it was in the child's best interest to terminate both parents' parental rights. *See* 22 M.R.S. §§ 4050(2), (3) (2017); 4055(1)(B)(2)(a); *In re B.P.*, 2015 ME 139, ¶ 19, 126 A.3d 713.

[¶7] The father additionally argues that the court erred in determining that the Department satisfied its responsibilities in implementing the rehabilitation and reunification plan. Contrary to the father's argument, competent evidence supports the court's finding that the Department satisfied its obligations under the statute. *See* 22 M.R.S. § 4041(1-A)(1), (3) (2017); *In re Isabelle W.*, 2017 ME 81, ¶ 8 n.3, 159 A.3d 1225. The Department made continued attempts to contact the parents throughout the process, provided access to mental health and substance abuse services, provided payment for transportation, and had frank conversations regarding what was required of the parents for successful reunification. *See In re Landon S.*, 2017 ME 199, ¶ 5, 171 A.3d 186. Despite the Department's efforts, the parents were still

unsuccessful in reunification. *See In re Child of Lindsay D.*, 2018 ME 87, ¶¶ 7-9, 188 A.3d 180.

The entry is:

Judgment affirmed.

---

Laura P. Shaw, Esq., Camden Law LLP, Camden, for appellant father

Amy McNally, Esq., Woodman Edmands Danylik Austin Smith & Jacques, P.A., Biddeford, for appellant mother

Janet T. Mills, Attorney General, Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Bangor District Court docket number PC-2016-36
FOR CLERK REFERENCE ONLY