MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 38
Docket:        Kno-14-330
Submitted
 On Briefs:    February 26, 2015
Decided:       March 26, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

IN RE R.M.

PER CURIAM

[¶1]  The mother of R.M. appeals from a judgment entered by the District Court (Rockland, *Sparaco, J.*) terminating her parental rights to the child pursuant to 22 M.R.S. § 4055 (2014).  We affirm the judgment.

## I.  BACKGROUND

[¶2]  The court found the following facts, which are supported by clear and convincing evidence.  *See In re Thomas D.*, 2004 ME 104, ¶ 21, 854 A.2d 195. The mother has five children.  Her first two children, who are now adults, were removed from her care at about the ages of ten and twelve due to neglect.  The third child resided with his father pursuant to a divorce judgment and now lives with his paternal grandmother.  The mother's parental rights to her fourth child were terminated on May 17, 2013, when the child was twelve months old, because the mother's untreated mental health issues, her lack of cooperation with the Department of Health and Human Services (DHHS), her rejection of DHHS

services, and her abandonment of the child demonstrated by clear and convincing evidence that she was unable to protect her child from jeopardy, that these circumstances were unlikely to change within a time reasonably calculated to meet the child's needs, and that termination of her parental rights were in the child's best interest. *See* 22 M.R.S. § 4055.

[¶3] The mother, who was adopted from Korea, has an extensive history of substance abuse and mental illness. She has trouble focusing her emotions, and becomes easily agitated, irritable, and overwhelmed. She has been diagnosed with post-traumatic stress disorder, attention deficit disorder, and anorexia; these illnesses manifest themselves as anxiety, stress, paranoia, and excessive fears. She also has violent tendencies, a long history of domestic violence, and an ongoing distrust of DHHS.

[¶4] While pregnant with her fifth child, R.M., the mother neglected prenatal care because she feared that R.M. would be taken away if her doctors knew she was pregnant. She was also taking prescription medications during her pregnancy and attempted to conceal the pregnancy from her primary care physician. After the mother gave birth to R.M., both she and the child tested positive for opiates. On January 16, 2014, just four days after his birth, DHHS obtained a preliminary child protection order removing R.M. from his mother's care and placed him in a foster home. The mother did not cooperate with DHHS or

engage in any services or court proceedings in any form regarding R.M. at any point in time. On April 15, 2014, the court entered a jeopardy order.

[¶5] On May 2, 2014, DHHS filed a petition to terminate the mother's parental rights, and a hearing was held on July 3, 2014. The mother had no contact with R.M. between the time he was discharged from the hospital and the time of the hearing. She did not appear at the hearing, and on the same day the court ordered her parental rights to R.M. terminated.

## II. DISCUSSION

[¶6] The court determined by clear and convincing evidence that the mother is unwilling or unable to protect R.M. from jeopardy and that these circumstances are unlikely to change within a time reasonably calculated to meet R.M.'s needs. The court additionally found that the mother is unwilling or unable to take responsibility for R.M. within a time reasonably calculated to meet his needs, that she has abandoned R.M., that she failed to make a good faith effort to rehabilitate and reunify with R.M., and that termination of the mother's rights is in R.M.'s best interest. *See* 22 M.R.S. § 4055.

[¶7] We review the court's factual findings for clear error and its ultimate conclusion regarding the best interest of the child for an abuse of discretion, viewing the facts, and the weight to be given them, through the trial court's lens. *In re Heather G.,* 2002 ME 151, ¶ 12, 805 A.2d 249; *In re Thomas H.,*

2005 ME 123, ¶¶ 16-17, 889 A.2d 297. "Evidence is sufficient to affirm an order terminating parental rights when a review of the entire record demonstrates that the trial court rationally could have found clear and convincing evidence in that record to support the necessary factual findings as to the bases for termination." *In re Marcus S.,* 2007 ME 24, ¶ 6, 916 A.2d 225 (quotation marks omitted).

[¶8]  Although the child has not suffered any abuse or neglect at the hands of the mother since birth, there is clear and convincing evidence of her inability or unwillingness to meet the child's needs.  The court properly considered the mother's prior history and her refusal or inability to have any contact with the child.  DHHS moved swiftly to remove R.M. from the mother's care after the child was born with an opiate addiction, and extended opportunities to the mother to demonstrate an ability to meet the child's needs.  The mother refused to cooperate with DHHS or attend any court proceedings.  We find no clear error in any of the court's factual findings, and that the court did not abuse its discretion in determining that termination of the mother's parental rights is in the child's best interest.  Accordingly, the court did not err in terminating the mother's parental rights to R.M.

The entry is:

Judgment affirmed.

**On the briefs:**

Paula Hopkins, Esq., West Rockport, for appellant mother

The Department of Health and Human Services did not file a brief

Rockland District Court docket number PC-2014-01
FOR CLERK REFERENCE ONLY