MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 23
Docket:        Cum-16-309
Submitted
  On Briefs:   January 19, 2017
Decided:       February 2, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE LOGAN M. et al.

PER CURIAM

[¶1]  The mother of Logan M. and Bryson L., and the father of Bryson L., appeal from a judgment of the District Court (Portland, *Powers, J.*) terminating their parental rights pursuant to 22 M.R.S. § 4055(1)(B)(2) (2016).  The mother argues that the evidence was not sufficient to support the court's determination of parental unfitness and that termination is not in the children's best interests.  The father argues that termination of his parental rights is not in the best interest of Bryson.  We affirm the judgment.

[¶2]  After the issuance of agreed-to jeopardy orders for both children, nearly two years of review hearings, multiple reunification plans, and a two-day hearing held in June 2016, the court issued two judgments on June 24, 2016, terminating the mother's parental rights as to both children,

2

and the father's parental rights as to Bryson.[1]  In the judgments, the court found by clear and convincing evidence that the parents are unable to protect the children from jeopardy and are unable to take responsibility for the children within a time reasonably calculated to meet the children's needs, 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii), and that termination is in the best interest of each child.

[¶3]  Reviewed for clear error, there is competent evidence in the record to support the court's findings, by clear and convincing evidence, of the mother's parental unfitness.  *See Guardianship of Hailey*, 2016 ME 80, ¶ 15, 140 A.3d 478.  Evidence in the record supports the court's findings that the mother has had a long-standing history of substance abuse, including a relapse in September 2015; insists that she can drink alcohol because it is legal, despite her addictive personality; and continues to require mental health counseling.  Also supported by clear and convincing evidence are the court's findings that the mother was often late to DHHS-supervised visits with her children, causing significant distress to one of the children; and that she has had issues ensuring her children's safety, as demonstrated by a number of incidents requiring DHHS intervention as far back as 2006 with one of the

---

[1]  The court also issued a judgment terminating Logan's father's parental rights as to him.  That father does not appeal.

children, and more recently in 2015 with her infant daughter, who is the subject of a separate child protection proceeding.

[¶4]  Although not challenged by the father, the evidence supports the court's finding of his parental unfitness by clear and convincing evidence.

[¶5]  Finally, "viewing the facts, and the weight to be given them, through the trial court's lens," the court did not abuse its discretion by concluding that termination of the parental rights of the father and mother is in the best interest of the children.  *See In re R.M.*, 2015 ME 38, ¶ 7, 114 A.3d 212; 22 M.R.S. § 4055(1)(B)(2)(a).  One of the purposes of the statute providing for termination of parental rights is to "[e]liminate the need for children to wait unreasonable periods of time for their parents to correct the conditions which prevent their return to the family."  22 M.R.S. § 4050(2) (2016).  As the court found in this matter, particularly in light of evidence of significant mental health issues presently affecting one the of the children and the prospect of psychological damage to the second child absent permanence, "[b]oth children need a stable and permanent home without the uncertainty of foster care."

The entry is:

Judgment affirmed.

Zack M. Paakkonen, Esq., Portland Legal LLC, Portland, for appellant mother

John F. Zink, Esq., Freeport, for appellant father of Bryson L.

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Portland District Court docket numbers PC-2014-41 and PC-2014-42
FOR CLERK REFERENCE ONLY