MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:        2017 ME 93
Docket:          Yor-16-459
Submitted
  On Briefs:   April 27, 2017
Decided:         May 11, 2017

Panel:           SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE MYA E.

PER CURIAM

[¶1]  The mother of Mya E. appeals from a judgment of the District Court (Biddeford, *Foster, J.*) terminating her parental rights pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(b)(i)-(ii) (2016).  She argues that the court's determination of parental unfitness is not supported by the evidence and that the court abused its discretion by finding that termination of her rights was in the child's best interest.  We affirm the judgment.

[¶2]  The following facts, which were found by the court and which we review for clear error, *see Guardianship of Hailey M.*, 2016 ME 80, ¶ 15, 140 A.3d 478, are supported by competent evidence in the record, *see In re Cameron B.*, 2017 ME 18, ¶ 10, 154 A.3d 1199.  The mother's parental rights to her six older children have been terminated through the child protection process, largely due to her chronic substance abuse and mental health issues. The mother—who, the record indicates, was 29 years old at the time—

became pregnant in early 2014 with her seventh child, Mya. In light of the pregnancy, the mother was switched by her doctor from Suboxone, which she was taking to address her opiate dependence, to Subutex, although when the prescription ended the mother purchased Suboxone off the street. She also used marijuana during the pregnancy. The child was born drug affected on November 9, 2014, and required in-hospital treatment for withdrawal for several weeks.

[¶3] The Department of Health and Human Services filed for and obtained a preliminary child protection order on November 12, 2014, and placed the child with a licensed foster family when the child was discharged from the hospital in late November. The mother and father agreed to a jeopardy order in January 2015.[1] The Department's reunification plan for the mother required her to actively engage in drug addiction treatment; engage in mental health services, including working with a therapist; acquire the skills necessary to parent a vulnerable high-needs infant; and locate stable housing.

[¶4] As the trial court found, the mother struggled to satisfy the requirements of the reunification plan. Despite two admissions into a

---

[1] The father, who had a history of substance abuse, violence, and frequent incarceration, stopped engaging in the reunification plan in early 2016. His parental rights were terminated at the same time as the mother's, and he does not appeal the judgment.

residential treatment program and twice entering an intensive outpatient program (IOP) to address her substance abuse issues, the mother continuously tested positive for marijuana and regularly tested positive for opiates and irregular levels of Suboxone—which was prescribed to her and should have been present at a consistent level—from late 2014 through early 2016. During 2015, the mother had a weeklong relapse on crack cocaine in March, a one-day relapse on opiates and benzodiazepines in April, and a relapse on cocaine and fentanyl in June.

[¶5] In early 2016, the mother was asked to "step out" of IOP because her continued marijuana use violated program rules, and she transitioned to a less intensive program that met on a weekly basis. Her doctor at the IOP discharged her from Suboxone treatment in March 2016 for failure to participate because her drug screen was positive for marijuana and negative for Suboxone. The mother reacted strongly to her discharge from Suboxone treatment, and she disengaged from the weekly program and from individual counseling.

[¶6] The mother has been unable to maintain stable housing that would be safe for a child. At the commencement of this proceeding, she lived with her mother and stepfather, who use marijuana regularly and have a history of

more serious substance abuse.  When the mother did get her own apartment, she allowed her mother and stepfather to move in and allowed the child's father to spend time in the apartment.  He actively used drugs there and, in April 2016, had a near-fatal overdose requiring emergency response.

[¶7]  Meanwhile, the child has been raised by the same foster family throughout the duration of this case.  The child has a strong bond with the foster parents, who are prepared to adopt the child into their family.

[¶8]  The court's findings are supported by clear and convincing evidence in the record, which indicate that the mother is unwilling or unable to protect the child from jeopardy, and take responsibility for the child, in a time reasonably calculated to meet the child's needs.  *See* 22 M.R.S. § 4055(B)(2)(b)(i)-(ii); *In re R.M.*, 2015 ME 38, ¶¶ 7-8, 114 A.3d 212. Furthermore, based on the record evidence, the court did not abuse its discretion by finding that it was in the best interest of the child to terminate the parental rights of the mother.  *See In re R.M.*, 2015 ME 38, ¶¶ 7-8, 114 A.3d 212.

The entry is:

Judgment affirmed.

Roger M. Champagne, Esq., Champagne & Simpson, LLC, Biddeford, for appellant Mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Biddeford District Court docket number PC-2014-64
FOR CLERK REFERENCE ONLY