MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 211
Docket:        And-17-244
Submitted
  On Briefs:   October 24, 2017
Decided:       October 31, 2017

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE RICHARD M.

PER CURIAM

[¶1]  The mother and father of Richard M. appeal from the District Court's (Lewiston, *Dow, J.*) judgment terminating their parental rights to their son, pursuant to 22 M.R.S. § 4055(1)(A)(1)(a), (B)(2)(b)(i)-(ii), (iv) (2016). The parents challenge the sufficiency of the evidence supporting the court's findings on parental unfitness and its discretionary finding that termination is in their son's best interest.  Contrary to the parents' contentions, competent record evidence supports the court's findings and its discretionary determination; therefore, we affirm.

I.  BACKGROUND

[¶2]  The court found that, despite the parents having made marginal progress toward reunification, they have failed to take responsibility for their son; they are unwilling or unable to protect him from jeopardy within a time reasonably calculated to meet his needs; they have failed to make a good faith

2

effort toward reunification; and termination of their parental rights is in the child's best interest.[1]  *See* 22 M.R.S. § 4055(B)(2)(b)(i)-(ii), (iv); *In re Alana S.*, 2002 ME 126, ¶¶ 13, 21-23, 802 A.2d 976.  After over a year, the parents' minimal progress toward reunification was totally inadequate to address the jeopardy facing the child were he to return to their care.  The court based this determination on the following findings of fact:

> [The father] has a history of violence and mental health concerns that present a risk to his son. . . .  There are concerns about sexually deviant behavior over a period of years by [the father].  [The father's] continued substance abuse presents a risk of harm to his child.
>
> . . . .
>
> [The father] has been very inconsistent in visiting his child [and] has missed visits for reasons the court finds utterly inadequate justification for missing visits. . . .  [The majority of the father's] intellectual abilities were in the borderline range [and] make it likely that [he] is likely to need significant support in order to meet a child's daily living needs.
>
> . . . .
>
> [The father] has also failed to attend random drug screenings, failed to engage in mental health counseling, failed to consult with a psychiatrist. . . .  All the while he has maintained an attitude that there is nothing about him that needs fixing or changing.

---

[1]  At the time of the termination hearing, the child had been in foster care for over a year.

[The mother] has ongoing mental health issues that pose a risk to her consistent parenting of the baby. [She] has a history of low intellectual functioning that has impaired her parenting of older children and presents a risk for this baby. . . . [She] consented to [a] petition to terminate her rights regarding [her older son] . . . .

. . . [The mother] went along while [the father] stayed in the house night after night in violation of the [initial] safety plan. She stuck with him as he called out of visits with the child and blew off his counseling. . . . She has consistently chosen [the father] over the child. [The mother] has also failed, independently of [the father], to make progress necessary to alleviate jeopardy and take responsibility for the child. She failed to complete drug screens. She failed to be in individual counseling for much of the duration of the case.

## II. DISCUSSION

[¶3] Competent record evidence supports each of the three bases for termination found by the court and its determination of the child's best interest. We review the court's findings on parental unfitness for clear error and its conclusion that termination is in the child's best interest for an abuse of discretion. *See In re Logan M.*, 2017 ME 23, ¶¶ 3, 5, 155 A.3d 430. The court rationally found that the parents' deficits make serious harm to their son highly probable and that termination of their parental rights is in his best interest.

[¶4] The mother and father, relying on *In re Hope H.*, 541 A.2d 165, 166-67 (Me. 1988), argue that the court failed to properly link their parenting

4

deficiencies to specific risks of harm to their son. However, the parents' reliance on *In re Hope H.* is misplaced because here the court drew numerous connections between their parenting deficiencies and the attendant risks to their son's well-being. *Cf. Id.*; *see In re Sarah C.*, 2004 ME 152, ¶ 13, 864 A.2d 162.

[¶5] In addition, the lack of a sexual abuse conviction on the father's record and the legal status of recreational marijuana—which the parents suggest are inoculants for some of their deficiencies—are irrelevant to a court's inquiry into the jeopardy that these behaviors pose to a child. *See In re Serena C.*, 650 A.2d 1343, 1345 (Me. 1994); *In re Jesse B.*, 2017 ME 90, ¶¶ 6-8, 160 A.3d 1187. The mother and father have refused to acknowledge the risks to their son that stem from allegations of the father's sexually deviant behavior and their continued substance abuse. Given the support of competent evidence in the record for all of the court's findings, the court did not err in its determination of unfitness nor did it err or abuse its discretion in determining that termination of the mother's and father's parental rights, with a permanency plan of adoption, is in the child's best interest. *See In re Logan M.*, 2017 ME 23, ¶¶ 3, 5, 155 A.3d 430.

The entry is:

Judgment affirmed.

_____

Lorne Fairbanks, Esq., Lewiston, for appellant mother

Richard Charest, Esq., Lewiston, for appellant father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Lewiston District Court docket number PC-2015-60
FOR CLERK REFERENCE ONLY