MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:      2018 ME 8
Docket:        Han-17-347
Submitted
 On Briefs:   January 11, 2018
Decided:       January 23, 2018

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE EMMA S.

PER CURIAM

[¶1]  The mother and the father of Emma S. appeal from a judgment of the District Court (Ellsworth, *Roberts, J.*) terminating their parental rights to the child pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i)-(ii) (2017).  Both parents challenge the sufficiency of the evidence supporting the court's finding of parental unfitness and the court's discretionary determination that termination is in the best interest of the child.  *See id.* § 4055(1)(B)(2).  The father additionally challenges whether the Department met its obligation pursuant to 22 M.R.S. § 4041 (2017) to provide reunification services.  We affirm the judgment.

[¶2]  Based on competent evidence in the record, the court found by clear and convincing evidence that both parents (1) are unable to protect the child from jeopardy, and these circumstances are unlikely to change within a time that is reasonably calculated to meet the child's needs and (2) are unable

to take responsibility for the child within a time that is reasonably calculated to meet the child's needs. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii). The court also determined that termination of the mother's and father's parental rights is in the child's best interest. *See id.* § 4055(1)(B)(2)(a). We review the trial court's factual findings that a parent is unfit and that termination of parental rights is in the child's best interest for clear error and the ultimate decision to terminate parental rights for an abuse of discretion. *Adoption of Isabelle T.*, 2017 ME 220, ¶ 30, ---A.3d ---.

[¶3] The court based its determinations on the following findings of fact:

> [The child] is 4 years of age. She has witnessed domestic violence and substance abuse by her parents. She has a profound fear of abandonment. She suffers from PTSD [post-traumatic stress disorder], is still processing earlier trauma and struggles with significant anxiety regarding separation from her caregivers. [The child's] issues stem from the chaos of her life while in her parents' care.

> [The father] has taken significant steps toward reunification with his daughter. He has engaged in counseling for opiate addiction for over 18 months. He has not counseled for alcohol abuse. His [substance abuse] counselor testified that [the father] is not alcohol dependent. [The father] is an intense individual. Alcohol brings out his aggressive tendencies. He has completed 24 of the 48 required [Batterer's Intervention Program] groups and received a positive reference from [his BIP counselor]. . . . He has not accepted responsibility for his prior assaultive behavior. The lack of specific alcohol counseling combined with this denial

indicate to the court that he continues to pose a risk of violence to his domestic partners and has not alleviated the jeopardy that violence poses to [the child].

. . . .

[The child] must take antibiotics daily and be constantly monitored. [The father] is employed as a fisherman. He works hard to earn sufficient funds to maintain a home. Unfortunately, his work hours are unpredictable and not within his control. His employment caused him to miss visits with [the child] and counseling sessions with [his BIP counselor]. He cannot maintain a consistent routine at home. His plans for [the child's] care while he is working are not particularly structured. [The child] needs routine and stability in her home. She will suffer significant trauma if placed in an unstable living environment.

This is a very old case, and [the child] needs permanency. The child has been in the custody of DHHS since August of 2015. Despite the length of time and the numerous opportunities, [the father] is not yet in a position to care for [the child].

. . . .

[The mother] has struggled with opiate addiction for the last seven years. She engaged in substance abuse counseling on multiple occasions. The initial Jeopardy finding herein was based in large part on her substance abuse. She has taken steps in support of her efforts to rehabilitate and reunify. She began counseling at a treatment facility in the summer of 2016. In early October of 2016 she left for Florida without notifying the Department. She participated in an intensive substance abuse program in Florida, returning to Maine on January 4, 2017. She did not communicate with the Department, or [the child] throughout this period. Upon returning to Maine [the mother] relapsed. She entered another treatment facility on March 14, 2017, acknowledging that she had been using heroin and cocaine. She is currently prescribed Methadone and is

4

participating in counseling. [The mother] has been unable to provide care for [the child] for a period of 23 months due to her substance abuse. The court finds that she has a chronic substance abuse problem. [The mother's] fragile sobriety places her child at risk if returned to her care.

. . . .

[The child's] fear of abandonment was aggravated by [the mother's] decision to leave Maine for Florida without notice. [The child] will not be able to return to [the mother's] custody within a reasonable period of time, considering [the child's] age and her need for a permanent home.

. . . .

Despite the passage of approximately 24 months, the parents have not made sufficient changes. The court respects the Guardian ad litem's opinion and places significant weight on it. The Guardian believes that termination of the parents' parental rights is in the child's best interest, and the court agrees with his assessment.

[¶4] Given these findings regarding the mother and the father and the court's other specific findings of fact, all of which are supported by competent evidence in the record,[1] the court did not err in its finding of the mother's and

---

[1] Contrary to the father's contention, there is ample evidence in the record that the father has a significant history of substance abuse, including alcohol abuse, and the court did not clearly err in finding that he is not engaged in specific alcohol counseling. Additionally, the court's finding regarding his denial of domestic violence is supported by competent evidence in the record. Furthermore, where the court finds multiple bases for unfitness, as it did here, the judgment will be affirmed if any one of the alternative bases is supported by clear and convincing evidence. *See In re M.B.*, 2013 ME 46, ¶ 37, 65 A.3d 1260.

the father's parental unfitness. *See In re Logan M.*, 2017 ME 23, ¶ 3, 155 A.3d 430.

[¶5] The father further contends that the court erred in finding him unfit to parent his child because the Department did not meet its burden under 22 M.R.S. § 4041 to provide reunification services. Specifically, he argues that the Department did not provide referrals in a timely manner and did not provide him with adequate visitation opportunities, and the judgment should therefore be vacated. However, the "Department's compliance with its rehabilitation and reunification duties as outlined in section 4041 does not constitute a discrete element requiring proof in termination proceedings, nor does the failure of the Department to comply with section 4041 preclude findings of parental unfitness." *In re Doris G.*, 2006 ME 142, ¶ 17, 912 A.2d 572; *see* 22 M.R.S. § 4041. The court may consider the lack of reunification efforts, but is not required to address the extent of the Department's reunification efforts in its finding that the father is unfit if competent evidence in the record supports the court's finding, by clear and convincing evidence, of at least one ground of parental unfitness. *See In re Hannah S.*, 2016 ME 32, ¶¶ 12-13, 133 A.3d 590. Here, because there was competent evidence to support the court's finding of parental unfitness, the

6

court was not required to address the extent of the Department's reunification efforts. *See id.*

[¶6] The court did not err or abuse its discretion in its determination that termination of the mother's and the father's parental rights, with a permanency plan for adoption, is in the child's best interest. *See In re Thomas H.*, 2005 ME 123, ¶¶ 16-17, 889 A.2d 297.

The entry is:

Judgment affirmed.

---

Rick Doyle, Esq., Next Step DV Project, Ellsworth, for appellant mother

Dawn M. Corbett, Esq., Law Office of Dawn M. Corbett, PA, Ellsworth, for appellant father

Janet T. Mills, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Ellsworth District Court docket number PC-2015-42