MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2018 ME 36
Docket:      Cum-17-447
Submitted
  On Briefs:  February 26, 2018
Decided:     March 15, 2018

Panel:       ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE CHILD OF NURADIN A.

PER CURIAM

[¶1]  The father of a child appeals from a judgment of the District Court (Portland, *Eggert, J.*) terminating his parental rights to the child pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i), (ii), (iv) (2017).[1]  The father challenges the sufficiency of the evidence to support the judgment and the court's discretionary determination that termination is in the child's best interest.  Because the evidence supports the court's findings and discretionary determination, we affirm the judgment.

[¶2]  Based on competent evidence in the record, the court found, by clear and convincing evidence, that (1) the father was unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time reasonably calculated to meet the child's needs, (2) the father was

---

[1]  The mother's parental rights were terminated in September 2017.  The mother did not appeal that decision.

unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs, (3) the father failed to make a good faith effort to rehabilitate and reunify with the child, and (4) termination of the father's parental rights is in the best interest of the child. *See* 22 M.R.S. § 4055(1)(B)(2); *In re Caleb M.,* 2017 ME 66, ¶ 27, 159 A.3d 345. We review the factual findings supporting the determination of parental unfitness for clear error. *See In re Logan M.,* 2017 ME 23, ¶ 3, 155 A.3d 430. The court based these determinations on the following findings of fact.

> [¶3] When the father's identity was established, the father
>
> was homeless and was living a lifestyle in which he had little responsibility and mainly consisted of moving around and partying involving use of drugs and alcohol. When he worked it was through [a program] doing temporary assignments. . . . [When the Jeopardy Order was entered in November 2016,] he had not yet become involved in [the child's] life and had not visited with him, but had dropped off some clothes for [the child] with [the Department of Health and Human Services].
>
> . . . .
>
> At the time of the [termination] hearing [the father] had not made significant progress in fulfilling the requirements of the Jeopardy Order or the rehabilitation and reunification plan. He has visited [the child] from time to time but has not been regularly doing so and has not had a visit since August 7, 2017. His visits have been suspended by [the service provider] for missing three visits and he has not taken the steps necessary to reestablish those visits. During the visits he has participated in he had been

developing a bond with his son and had learned some basic skills for caring for him in a visitation setting. . . .

[The father] completed a substance abuse evaluation at [a service provider]. . . . He was diagnosed with both alcohol use disorder and cannabis use disorder. . . . [The father] declined to take part in any treatment with the excuse that he was too busy. [The father] explains his refusal by stating that he will deal with the issue by himself and that he would not do group sessions with other drug addicts. . . .

[The father] has not . . . engaged in any [mental health] treatment. The reason for the requirement was some explosive behavior on his part, with assaultive behavior toward the mother. Since the Jeopardy Order was entered [the father] has been involved in a fight . . . in which he broke his hand after attacking a man who was showing a picture of [the child] in a bar where he was having a couple of beers. . . . [The father] has also acted in an explosive fashion at the time of [the child's] first birthday when DHHS granted his request for additional time with [the child], but not the full amount of his request. His response was to get very angry and then to not even see his son on that birthday. . . .

[The father] has made some progress toward getting housing assistance, but when this will actually come to fruition is not known with certainty, perhaps in a month or so. In the meantime he continues to live in an apartment which is not considered habitable. He has also done no parenting education and is not enrolled in any program to provide that education.

. . . In the year that [the father] has known that he is [the child's] parent he has taken some small steps toward rehabilitation, but he is still woefully short of success. He is still without a stable home, drinks and smokes marijuana when it is inappropriate, has not dealt with his explosiveness, and has not enrolled in any parenting programs. In short, he is still not capable of taking on the responsibility of being a single parent who has to provide for a child every day, all day.

[¶4] These findings are sufficient to support the court's conclusion that the father is unable to protect the child from jeopardy, is unable to take responsibility for the child within a time reasonably calculated to meet the child's needs, and did not make a good faith effort to rehabilitate and reunify with the child. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii), (iv). The court did not abuse its discretion by concluding that termination of the father's parental rights is in the best interest of the child. *See In re Logan M.,* 2017 ME 23, ¶ 5, 155 A.3d 430. As the court found, the child's "father is not now capable of caring for [the child] on a full time basis, and there is no indication that he will be available to do so in the near future. [The child] needs to have a permanent placement at this time."

The entry is:

Judgment affirmed.

---

Cory R. McKenna, Esq., Fairfield & Associates, P.A., Portland, for appellant father

Janet T. Mills, Attorney General and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services